**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| RICHARD ROSE, *et al.*<br><br>   *Plaintiffs,*<br><br>   v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia,<br><br>   *Defendant.* | CIVIL ACTION<br>CASE NO. 1:20-cv-2921-SDG |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## INTRODUCTION

Much like the Plaintiffs' Complaint generally, their Response in Opposition to Defendant's Motion to Dismiss ("Response") [Doc. 23] affords them no relief from immediate dismissal by this Court. There are several reasons for this. First, Plaintiffs' Response fails to appreciate that under a 12(b)(1) motion to dismiss, the Court may consider extrinsic evidence and otherwise satisfy itself it has authority to hear the case. It need not take Plaintiffs' allegations as true. Second, under either a 12(b)(1) standard or the more deferential 12(b)(6) standard of review, Plaintiffs have failed to allege *any* injury to *their* interests. And even if they had, any such injury is not

1

traceable to or redressable by the sole defendant in this case. Third, Plaintiffs challenge the sovereign right of a state to choose its form of government, which this Court has no authority under the Constitution to alter. Finally, Plaintiffs' attempts to distinguish the binding precedent recently established by *Jacobson* and *Lewis* do not pass muster. Accordingly, Plaintiffs' Complaint should be dismissed.

**ARGUMENT AND CITATION OF AUTHORITY**

Plaintiffs' Complaint should be dismissed because this Court lacks jurisdiction and because Plaintiffs have failed to state a claim.

## I.   Plaintiffs ask this Court to apply the wrong standard of review to Defendant's Motion to Dismiss.

First, Plaintiffs suggest this Court should only apply the highly deferential standard of review of a 12(b)(6) motion to dismiss when Defendant explicitly invoked both 12(b)(6) *and* 12(b)(1) as his grounds for dismissal. *See* [Doc. 23, p. 6] ("In 'ruling on a motion to dismiss for want of standing,' this Court 'must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'") Plaintiffs simply ignore the standard articulated by Defendant in his Motion to Dismiss, and hope this Court will do so as well. But where a factual challenge is asserted under 12(b)(1), "a district court is 'free to weigh the

2

facts' and is 'not constrained to view them in the light most favorable' to the plaintiff." *Houston v. Marod Supermarkets, Inc.*, 733 F. 3d 1323, 1336 (11th Cir. 2013). Thus, "**no presumptive truthfulness attaches to plaintiff's allegations**, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 732 n.9 (11th Cir. 1982) (emphasis added).

Here, the Defendant challenges Plaintiffs' ostensibly factual assertion that their votes have been diluted. But to the extent such assertion is legal in nature and not factual, this Court owes Plaintiffs no deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009) (Court not required to accept legal conclusions when they are "couched as [] factual allegation[s].")

## II.   Plaintiffs lack standing.

### A.   *Plaintiffs have not alleged an injury-in-fact.*

Plaintiffs' sole alleged injury in this action is straightforward: "The at-large method of electing members of Georgia's Public Service Commission dilutes black voting strength in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301." [Doc. 1, ¶ 36]. As Defendant noted in his Motion to Dismiss, this sounds on its face like a traditional Section 2 challenge to an at-large system—such as a county commission:

> A politically cohesive minority group that is large enough to constitute the majority in a single-member district has a good chance of electing its candidate of choice, if the group is placed in a district where it constitutes a majority. Dividing the minority group among various districts so that it is a majority in none may prevent the group from electing its candidate of choice: If the majority in each district votes as a bloc against the minority candidate, the fragmented minority group will be unable to muster sufficient votes in any district to carry its candidate to victory.

*Voinovich v. Quilter*, 507 U.S. 146, 153, 113 S. Ct. 1149, 1155 (1993). In situations where a county commission is elected at-large and minority voters could constitute a majority in a single-member district (and the other required factors exist), courts correct this violation of Section 2 of the VRA by moving from at-large elections to district elections. *See, e.g., Wright v. Sumter Cty. Bd. of Elections & Registration*, 301 F. Supp. 3d 1297, 1326 (M.D. Ga. 2018).

But Defendant has not divided the voting power of any minority group in this state whatsoever. To the contrary, the state legislature has drawn residency district requirements *for candidates,* not voters. Even assuming this action is traceable to Defendant, which it is not, any injury accrues exclusively *to the candidate.* Notwithstanding the clever phrasing of Plaintiffs' Complaint, neither the Plaintiffs nor any Georgia voter has had their vote weight diluted because they simply have not been "packed" or "cracked" at all. As the Supreme Court has instructed, vote dilution "arises

4

from the particular composition of the ***voter's*** own district, which causes his vote—having been packed or cracked—to carry less weight than it would carry in another, hypothetical district." *Gill v. Whitford,* 138 S. Ct. 1916, 1931 (2018) (emphasis added). But of course, *voters* are not separated into districts for the purposes of PSC elections. It is only the *candidates* who are susceptible to the PSC residency districts. Accordingly, the only demonstrable injury the Plaintiffs have alleged here is that they've had undesirable electoral outcomes in the past. [Doc. 1, ¶¶ 23, 29, 31–33]. And as the Eleventh Circuit has made clear, "[a] candidate's electoral loss does not, by itself, injure those who voted for the candidate. Voters have no judicially enforceable interest in the outcome of an election." *Jacobson v. Fla. Sec'y of State,* No. 19-14552, 2020 U.S. App. LEXIS 28078, at *17 (11th Cir. Sep. 3, 2020).

Although Plaintiffs *attribute* these outcomes to vote dilution, that assertion—whether legal or factual—is not supported by the evidence and this Court is under no obligation to take it at face value. Indeed, Plaintiffs' claims surrounding the statewide election for Public Service Commissioners simply *cannot* result in vote dilution. Thus, they have failed to allege injury-in-fact. Plaintiffs have no standing.

B. *Plaintiffs have not shown traceability and redressability.*

Nothing in Plaintiffs' Response challenges Defendant's position that Plaintiffs have failed to show their alleged injuries are traceable to the conduct of the Secretary, nor that a remedy from this Court against the Defendant would redress any supposed harm. The Defendant stands on the law and argument cited in his Motion to Dismiss.

C. *Plaintiffs challenge the State of Georgia's form of government, which is constitutionally committed to the State as sovereign and this Court is precluded from altering the form chosen by the State.*

In their Response, Plaintiffs inaccurately claim Defendant has ignored the key case of *Ala. State Conf. of the NAACP v. Alabama* in fashioning its argument. [Doc. 23, p. 8] ("[Defendant] fails to even cite two recent decisions that considered and rejected his argument. *See Ala. State Conf. of NAACP v. Alabama,* 264 F. Supp. 3d 1280, 1290 (M.D. Ala. 2017)"). This is simply not accurate.

As an initial matter, the case cited by Plaintiffs *did not* squarely consider the standing issues raised by Defendant here. Second, Defendant discussed at length a more recent decision from that very case in its principal brief. *See, e.g.* [Doc. 22-1, pp. 16–18, 20], citing *Ala. State Conference of the NAACP v. Alabama*, No. 2:16-CV-731-WKW, 2020 U.S. Dist. LEXIS 18938 (M.D. Ala. Feb. 5, 2020). And in that decision, the Court *did* squarely

consider the issue raised by Defendant here, if only in a limited fashion because both the plaintiffs and defendants in that case failed to raise the issue before the court. Because the Plaintiffs apparently missed it, Defendant repeats the particularly salient portion here:

> [A]s the state's chosen form of government, a challenge to the method of electing the PSC is beyond the reach of Section 2. The district court in *Ala. State Conference of the NAACP*, confronted with a similar issue, highlighted the tension caused by the unique circumstance of a statewide election challenged under Section 2:
>
>> Plaintiffs assume § 2 applies because subsection (a) addresses a voting "standard, practice, or procedure . . . imposed or applied by any State" § 10301. The court has serious concerns about this assumption. Alabama's at-large, statewide system is a fundamental choice of the form of its judicial branch of government. That it involves procedures is of no moment; all forms of government involve procedures.
>
> *Id*. Because neither party in *NAACP* raised the issue in brief, the court never considered it any further. *Id*. But this Court suffers from no such deficiency, and it should decline to award relief under Section 2 for a challenge predicated upon the federal judiciary usurping the constitutional right of a sovereign state to choose its form of government.

[Doc. 22-1, p. 18]. Thus, even if this Court accepts Plaintiffs' vote dilution argument, which it should not, the Court does not have the power to order relief of any kind because it involves a sovereign power's right to choose its form of government.

D.     Jacobson *and* Lewis *apply.*

Plaintiffs assert that the binding precedent established by the Eleventh Circuit in the recent and highly informative cases of *Jacobson v. Fla. Sec'y of State,* 2020 U.S. App. LEXIS 28078, and *Lewis v. Governor of Ala.,* 944 F. 3d 1287, 1301 (11th Cir. 2019), are inapplicable to the Complaint because they did not involve Section 2 actions under the Voting Rights Act. But neither in *Jacobson* nor *Lewis* did the Court purport to limit the scope of its holding exclusively to the specific provision of law before it. And the foundational requirement of Article III standing at issue in this motion to dismiss is common to all cases before the federal judiciary. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 37 (1976).

Moreover, Plaintiffs' preoccupation with the fact that these decisions "were decided after trials, not at the pleading stage," [Doc. 23, p. 10], doesn't change the fact that the Eleventh Circuit clearly requires standing be supported "with the manner and degree of evidence required at the successive stages of the litigation." *Jacobson,* 2020 U.S. App. 26078 at *14 –

8

15. And as established earlier, Plaintiffs have not met their burden even at the pleading stage.

## CONCLUSION

Plaintiffs have not properly invoked the jurisdiction of this Court and their Complaint should be dismissed.

Respectfully submitted this 10th day of September, 2020.

**STATE LAW DEPARTMENT**

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene S. McGowan
Assistant Attorney General
Georgia Bar No. 697316
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272

9

bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (678) 336-7249

*Counsel for Defendant*

10

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ *Bryan P. Tyson*
Bryan P. Tyson