## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD ROSE, *et al.*

    *Plaintiffs*,

    v.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of State
of the State of Georgia,

    *Defendant*.

CIVIL ACTION
CASE NO. 1:20-cv-2921-SDG

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Brad Raffensperger ("Defendant" or "Secretary"), in his official capacity as Secretary of the State of Georgia answers Plaintiffs' Complaint [Doc. 1] as follows:

## FIRST AFFIRMATIVE DEFENSE

The allegations in Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack constitutional standing to bring this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack statutory standing to bring this action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claim against Defendant is barred by the Eleventh Amendment to the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint requests relief that will result in a violation of the U.S. Constitution because Plaintiffs' proposed remedies require the use of race as a predominate factor in the redistricting process, which is prohibited by the Equal Protection Clause of the Fourteenth Amendment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint requests relief that will result in a violation of the U.S. Constitution because Plaintiffs' proposed remedies require the alteration of the form of government of the State of Georgia.

## NINTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiffs have been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its defenses and to add additional ones, including lack of subject matter jurisdiction based on the mootness or ripeness doctrines, as further information becomes available in discovery.

Defendant answers the specific numbered paragraphs of Plaintiffs' Complaint as follows:

### Nature of the Case

1.      Defendant admits this action arises under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.      Defendant admits that the Public Service Commission dates back to 1879 and that Commissioners have been elected statewide since at least 1906. The remaining allegations in Paragraph 2 of the Complaint are outside Defendant's knowledge and are therefore denied on that basis.

3.     Defendant admits that Plaintiffs are African-American voters seeking declaratory and injunctive relief from this Court. Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

## Jurisdiction and Venue

4.     Defendant admits that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act. Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5.     Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

## Parties

6.     The allegations in this Paragraph of Plaintiffs' Complaint are outside Defendant's knowledge and are therefore denied on that basis.

7.     The allegations in this Paragraph of Plaintiffs' Complaint are outside Defendant's knowledge and are therefore denied on that basis.

8.     The allegations in this Paragraph of Plaintiffs' Complaint are outside Defendant's knowledge and are therefore denied on that basis.

9.     The allegations in this Paragraph of Plaintiffs' Complaint are outside Defendant's knowledge and are therefore denied on that basis

10.     Defendant admits that he is the Secretary of State of Georgia and that the Secretary of State is designated by statute as the chief election

official. Defendant denies the remaining allegations contained in this Paragraph of the Plaintiffs' Complaint.

## Background

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     The report attached and referenced in Paragraph 14 of the Complaint speaks for itself. The remaining allegations contained in this Paragraph of the Complaint are outside the knowledge of Defendant and are denied on that basis.

15.     The report attached and referenced in Paragraph 15 of the Complaint speaks for itself. The remaining allegations contained in this Paragraph of the Complaint are outside the knowledge of Defendant and are therefore denied on that basis.

16.     Defendant admits that Georgia's African-American population has grown since the 2010 Census. The report referenced in Paragraph 16 of the Complaint speaks for itself. The remaining allegations set forth in

Paragraph 16 of the Complaint are outside the knowledge of Defendant and are therefore denied on that basis.

17.    The allegations in this Paragraph of Plaintiffs' Complaint are outside Defendant's knowledge and are therefore denied on that basis.

18.    Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

19.    Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

20.    Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

21.    The allegations contained in this Paragraph of Plaintiffs' Complaint are outside the knowledge of Defendant and are therefore denied on that basis.

22.    Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

23.    The allegations contained in this Paragraph of Plaintiffs' Complaint are outside the knowledge of Defendant and are therefore denied on that basis.

24.    Defendant admits that Georgia's history of discrimination against African-Americans is well-documented and the cited case speaks for itself. The remaining allegations are legal conclusions to which no response is required and, therefore, Defendant denies the same. Defendant denies the remaining allegations set forth in this Paragraph of Plaintiffs' Complaint.

25.    Defendant admits that Georgia's history of discrimination against African-Americans is well-documented. The remaining allegations are legal conclusions to which no response is required or which are outside the knowledge of Defendant and, therefore, Defendant denies the same. Defendant denies the remaining allegations set forth in this Paragraph of Plaintiffs' Complaint.

26.    The allegations contained in this Paragraph of Plaintiffs' Complaint are outside the knowledge of Defendant and are therefore denied on that basis.

27.    The allegations contained in this Paragraph of Plaintiffs' Complaint are outside the knowledge of Defendant and are therefore denied on that basis.

28.     Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

29.     The statutory process for appointment and election to the Public Service Commission speaks for itself. The appointment and election of Public Service Commissioners is a matter of historical record and speaks for itself. Defendant denies the remaining allegations set forth in this Paragraph of Plaintiffs' Complaint.

30.     Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

31.     The identity of the members serving on Georgia's Public Service Commission throughout its existence is a matter of historical record and speaks for itself. Defendant denies the remaining allegations of this Paragraph of Plaintiffs' Complaint.

32.     Defendant admits David L. Burgess was appointed by Governor Roy Barnes to the Public Service Commission in April 1999 and that he subsequently won statewide election.

33.     Defendant admits that Commissioner Burgess was elected statewide in 2000. The results of elections for Public Service Commission are

a matter of historical record and speak for themselves. The remaining allegations contained in this Paragraph of Plaintiffs' Complaint are outside the knowledge of Defendant and are therefore denied on that basis. Defendant denies the remaining allegations set forth in this Paragraph of Plaintiffs' Complaint.

34.    Defendant denies the allegations set forth in this Paragraph of the Plaintiffs' Complaint.

35.    Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

## Claim One

36.    Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

## Relief

37.    Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

38.     Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

39.     Plaintiffs set forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations set forth in this Paragraph are denied.

## Prayer for Relief

Defendant denies that Plaintiffs are entitled to any relief they seek. Defendant further denies every allegation not specifically admitted in this Answer.

Respectfully submitted this 26th day of January, 2021.

> Christopher M. Carr
> Attorney General
> GA Bar No. 112505
> Bryan K. Webb
> Deputy Attorney General
> GA Bar No. 743580
> Russell D. Willard
> Senior Assistant Attorney General
> GA Bar No. 760280
> State Law Department
> 40 Capitol Square, S.W.
> Atlanta, Georgia 30334
>
> */s/ Bryan P. Tyson*
> Bryan P. Tyson

10

Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for Defendant Secretary of*
*State Brad Raffensperger*

11

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson