# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICHARD ROSE et al., <br><br> Plaintiffs <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, <br><br> Defendant. | Civil Action No. 1:20-cv-02921-SDG |

## PLAINTIFFS' FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs respectfully move the Court for summary judgment on the first, second, fourth, fifth, and sixth affirmative defenses raised in Defendant's answer. (ECF 37 at 1-2.)

## BACKGROUND

This is a challenge to the method of electing members of Georgia's Public Service Commission (the "Commission"). The Commission consists of five members elected at-large by all Georgia voters in partisan elections to serve staggered six-year terms. Ga. const. art. IV, § 1, para. I; O.C.G.A. § 46-2-1. Among many other duties, the Commission regulates the rates that electric, natural

gas, and telephone companies can charge Georgia's consumers. O.C.G.A. § 46-2-1 et seq.

Plaintiffs are four African-American residents of Fulton County. (SMF ¶ 1.) Each Plaintiff is a registered voter, and each has voted in recent elections for members of the Commission. (*Id.*) Defendant Brad Raffensperger is the Georgia Secretary of State. (ECF 37 ¶ 10.) He administers the elections for members of the Commission, OCGA §§ 21-2-50(a)(4), 21-2-154(a), 21-2-132(d)(2), 21-2-499(a), 21-2-502(c), and he is sued in his official capacity only.

Plaintiffs claim that the at-large method of electing members of the Commission dilutes black voting strength in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. (ECF 1 ¶ 36.) They filed this action on July 14, 2020.

On August 14, 2020, Defendant moved to dismiss the plaintiffs' complaint for lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF 22.) Court denied that motion on January 5, 2021 (ECF 36), and Defendant answered the complaint on January 26, 2021 (ECF 37).

Defendant's answer asserts ten affirmative defenses, five of which are at issue here:

1. "The allegations in Plaintiffs' Complaint fail to state a claim upon which relief may be granted."
2. "Plaintiffs' claims are barred for failure to name necessary and indispensable parties."
…
4. "Plaintiffs lack statutory standing to bring this action."
5. "Plaintiffs' federal claim against Defendant is barred by the Eleventh Amendment to the United States Constitution."
6. "Plaintiffs' claim is barred by sovereign immunity."

(ECF 37 at 1-2.) The plaintiffs seek summary judgment as to all five of these defenses.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment has the initial burden of informing the district court of the basis for its motion and identifying those portions of the record that show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, a party opposing summary judgment must present evidence showing either (1) a genuine issue of material fact, or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

3

(1986). "Factual disputes that are irrelevant or unnecessary" are not material. *Id*. A factual dispute is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Id*.

In determining whether a genuine issue of material fact exists, a court must view the evidence in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Id*. at 255. *See also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions" and cannot be made by the district court. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *See also Anderson*, 477 U.S. at 250 ("The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.").

## ARGUMENT

**I.     Plaintiffs' complaint properly alleges a vote-dilution claim.**

Defendant's first affirmative defense asserts that "[t]he allegations in Plaintiffs' Complaint fail to state a claim upon which relief may be granted." (ECF 37 at 1.) But the Court already rejected this exact argument in denying Defendant's motion to dismiss. (ECF 22-1 at 16-19; ECF 36 at 33-44.) While the Court's motion to dismiss ruling is not technically binding law of the case, *see Gregg v. U.S. Indus., Inc.*, 715 F.2d 1522, 1530 (11th Cir. 1983) ("Ordinarily law of the case applies only where there has been a final judgment and not to interlocutory rulings."), there is no reason to decide differently here.

The Court should grant Plaintiffs' summary judgment motion for the same reasons that it denied Defendant's motion to dismiss: (1) the Complaint sufficiently pleads all necessary *Gingles* preconditions; and (2) the relief that Plaintiffs seek is not prohibited as a matter of law. Thus, Plaintiffs' Complaint contains sufficient allegations of fact to state a claim of vote dilution under Section 2 of the Voting Rights Act.

**II.     The complaint names all necessary parties.**

In the second affirmative defense, Defendant asserts that Plaintiffs' claims are barred because Plaintiffs have failed to name necessary and indispensable parties. (ECF 37 at 1.) But Defendant has conceded this issue.

The local rules of the Northern District of Georgia require a defendant to identify, in its initial disclosures, any parties whom the defendant contends are necessary to the action but unnamed by the plaintiff. N.D. Ga. L.R. 84.1 at APP.B-4. Here, Defendant made his initial disclosures on the required form, and responded as follows:

> **(2) Provide the names of any parties whom defendants contend are necessary parties to this action, but who have not been named by plaintiff. If defendants contend that there is a question of misjoinder of parties, provide the reasons for defendants' contention.**
>
> **RESPONSE**: None.

(Ex. 1: Def's Initial Disclosures at 2.) The Defendant also identified no missing parties in the joint preliminary report and discovery plan. (ECF 30 at 4.) Given this concession, Plaintiffs are entitled to judgment as a matter of law on Defendant's second affirmative defense.

### III. Plaintiffs have statutory standing.

Defendant's fourth affirmative defense asserts that Plaintiffs lack statutory standing. (ECF 37 at 2.) The concept of statutory standing asks whether a particular plaintiff "has a cause of action under the statute." *Lexmark Intern. Inc., v. Static Control Components, Inc.*, 572 U.S. 1377, 1387 (2014). Here, the answer is clearly yes.

Section 2 of the Voting Rights Act prohibits "any State or political subdivision" from imposing any "voting qualification or prerequisite to voting or standard, practice, or procedure" that "results in a denial or abridgement of the right of any citizen of the United States to vote on account of race." 52 U.S.C. § 10301(a). Section 3 provides the general enforcement mechanisms of the Act. *See* 52 U.S.C. § 10302.

Originally, Section 3 gave enforcement authority only to the Attorney General of the United States. Shortly after it was passed, however, the Supreme Court recognized an implied private right of action consistent with the purposes of the Act. *See Allen v. State Bd. of Elections*, 393 U.S. 544, 549 (1969). Congress then amended Section 3 in 1975 to make explicit what was once implied: private parties can sue to enforce the Act. Section 3, entitled "Proceeding to enforce the right to vote," now sets forth the judicial procedures for use whenever "the

Attorney General or an aggrieved person" institutes a proceeding "to enforce the voting guarantees of the fourteenth and fifteenth amendment in any State or political subdivision." 52 U.S.C. § 10302(a), (b), and (c).

Relying on this language, the Supreme Court has explained that Congress "recognized that private rights of action" were available when it "reenacted and extended the life of the Voting Rights Act in 1975." *Morse v Republican Party of Va.*, 517 U.S. 186, 233 (1996); *see also id.* at 289 (Thomas, J., dissenting) ("As appellants accurately state, § 3 explicitly recognizes that private individuals can sue under the [Act]."). And, in line with this understanding, private litigants have sued States and state officials under Section 2 for decades. *See, e.g.*, *Chisom v. Roemer*, 501 U.S. 380 (1991) (a private challenge under Section 2 against the Governor and other state officials); *Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254 (2015) (a private challenge under Section 2 against the State of Alabama).

While the Act itself does not define "aggrieved person," the Supreme Court has recognized a "common usage" of the term to mean any person who "'falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint.'" *Thompson v. North Am. Stainless, LP*, 562 U.S. 170, 177-78 (2011) (quoting *Lujan*, 497 U.S. at 495). Congress enacted the Voting Rights Act to protect minority voters, *see generally*

*South Carolina v. Katzenbach*, 383 U.S. 301, 308-315 (1966), and the record here establishes that Plaintiffs are African-American registered voters who reside in the area from which members of the Public Service Commission are elected at large. (SMF ¶ 1.) That is enough to establish statutory standing in this case.

**IV.  Plaintiffs' claim is not barred by the Eleventh Amendment or sovereign immunity.**

Defendant's fifth and sixth affirmative defenses assert that Plaintiffs' claims are barred by the Eleventh Amendment and sovereign immunity, respectively. (ECF 37 at 2.) This Court has already found, however, that binding precedent forecloses those defenses. (ECF 36 at 44-46 (citing *Ala. State Conf. of NAACP v. Alabama*, 949 F.3d 647, 655 (11th Cir. 2020), and *United States v. Marengo Cnty. Comm'n*, 731 F.2d 1546, 1560-61 (11th Cir. 1984).) Though one of the two cases on which the Court relied was recently vacated on mootness grounds, *see Alabama v. Ala. State. Conf. of NAACP*, ____ S. Ct. ____, 2021 WL 1951778 (May 17, 2021) (mem.), the other, *Marengo County*, remains binding precedent. The Court may also give the now-vacated *Alabama State Conference* opinion persuasive value, *see Friends of Everglades v. S. Fla. Water Mgmt. Dist.,* 570 F.3d 1210, 1218 (11th Cir. 2009) ("We are free to give statements in a vacated opinion persuasive value if we think they deserve it."), which the Court should do here because of the decision's thorough analysis of the issue.

Plaintiffs are also entitled to summary judgment on the sovereign immunity defenses because this is not a suit against a sovereign. It is a suit against a state official, and sovereign immunity does not bar suits against state officials for prospective injunctive relief for alleged continuing violations of federal law. *Ex Parte Young*, 209 U.S. 23 (1908). This Court has already determined that this is a suit for prospective relief against Georgia's Secretary of State and that the Secretary's office gives him authority to enforce the laws at issue. (ECF 36 at 31.) This case therefore falls within the *Ex Parte Young* exception to sovereign immunity, and the Court should grant summary judgment for Plaintiffs on Defendant's fifth and sixth affirmative defenses.

## CONCLUSION

The Court should grant summary judgment in Plaintiffs' favor on Defendant's first, second, fourth, fifth, and sixth affirmative defenses.

Dated: May 27, 2021

/s/ Bryan L. Sells
Attorney Bar No. 635562
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

Nicolas L. Martinez (*pro hac vice*)
Wesley A. Morrissette (*pro hac vice*)
Bartlit Beck LLP
54 W. Hubbard Street, Suite 300
Chicago, Illinois 60654
Telephone: (312) 494-4400
Email: nicolas.martinez@bartlitbeck.com
Email:
wesley.morrissette@bartlitbeck.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing **Plaintiffs' First Motion for Partial Summary Judgment** has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ Bryan L. Sells
Bryan L. Sells