**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RICHARD ROSE, *et al.*

    *Plaintiffs,*

    v.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of State
of the State of Georgia,

    *Defendant.*

CIVIL ACTION
CASE NO. 1:20-cv-2921-SDG

**DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

Discovery in this case is ongoing and ending next week. [Doc. 40 at 2]. Depositions of Plaintiffs' experts will be taken in the next few days, summary-judgment motions are due on July 9, 2021, and Defendant Secretary of State Brad Raffensperger plans to file such a motion. *Id.* While the Local Rules contemplate the completion of discovery before summary-judgment motions are filed, L.R. 56.1(D), Plaintiffs did not wait for the end of discovery before filing a Partial Motion for Summary Judgment [Doc. 56]. In that Motion, they ask this Court to rule in their favor on several affirmative defenses asserted by the Secretary. But apart from a single exhibit and references to the

1

Secretary's initial disclosures and the Joint Preliminary Report filed by the parties, Plaintiffs offer no evidence from the record in support of their Motion. Plaintiffs essentially ask this Court to ignore the ongoing discovery process and prematurely rule in favor of Plaintiffs on several of the Secretary's affirmative defenses. For the reasons that follow, this Court should deny the Motion and wait for motions brought on the fully developed factual record.

**ARGUMENT AND CITATION OF AUTHORITY**

Plaintiffs have correctly laid out the familiar standard for summary judgment: when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). [Doc. 56 at 3-5]. But, as explained below, there is no reason for the Court to essentially copy its motion-to-dismiss ruling onto an incomplete factual record, as Plaintiffs ask this Court to do, especially in claims involving mixed questions of law and fact.

## I.      Plaintiffs cannot show they have stated a claim for relief.

Plaintiffs first ask this Court to grant their proposed Motion on whether they stated a claim for relief "for the same reasons it denied the Defendant's motion to dismiss." [Doc. 56 at 5]. But the Court denied that motion on an exceedingly charitable standard of review and did not probe into the veracity of the allegations or even attempt to weigh any contrary evidence. "To

2

withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." [Doc. 36 at 9-10] (cleaned up and internal quotations omitted). But surviving a motion to dismiss is very different from prevailing on the merits at summary judgment.

As this Court already noted, "[v]oting rights cases are inherently fact intensive, particularly those Section 2 vote dilution claims alleging that, due to the operation of a challenged voting scheme, minority voters are denied an equal opportunity to participate in the political process and to elect representatives of their choice." *Id*. at 34 (quoting *Nipper v. Smith*, 39 F.3d 1494, 1498 (11th Cir. 1994)). Such cases further require "a searching practical evaluation of the past and present reality of the electoral system's operation." *Id.*

Plaintiffs' premature Partial Motion for Summary Judgment attempts to cut off that searching inquiry while discovery is ongoing, and simply have the Court graft its decision from the Secretary's Motion to Dismiss onto Plaintiffs' Motion. But at this stage of the litigation, the Court is no longer permitted to accept Plaintiffs' well-pleaded allegations as true. Instead, it is Plaintiff that bears the burden of showing there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

law. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). And it is notable that, on the precise issue of the Secretary's motion to dismiss for failure to state a claim, the Court stated that "disposition of Plaintiffs' claim ***at this stage*** is inappropriate." [Doc. 36 at 34] (emphasis added). Surviving a motion to dismiss does not automatically translate to success on the merits.

The Court further noted—correctly—that, "the *Gingles* factors present mixed questions of law and fact." [Doc. 36 at 40]. Thus, the Court found it was "particularly inappropriate to foreclose at the pleading stage Plaintiffs' opportunity to prove their claims." *Id.* The Court's characterization of the *Gingles* factors is no less true today than it was when it handed down its Order. What has changed is the stage of litigation the parties are in, and thus the parties' relative burdens of persuasion. And while the fact-intensive nature of the *Gingles* factors saved Plaintiffs' claim from dismissal at the pleading stage, it also precludes Plaintiff from prevailing on a summary judgment motion particularly where, as here, discovery is ongoing.[1] Under Fed. R. Civ. P. 56(c), summary judgment is granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[1] The Secretary plans to move for summary judgment on several of the *Gingles* factors once discovery is complete.

party is entitled to judgment as a matter of law." But resolution of these matters is not yet completed. And it is the party *moving* for summary judgment that,

> bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. ***Only when that burden has been met*** does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (emphasis added). Plaintiffs' request that the Court simply graft its opinion on the Secretary's Motion to Dismiss does not satisfy their burden at this stage of litigation—especially in the absence of any evidence beyond a single exhibit—and should be denied.

## II.   Standing remains an active issue in this case.

### A.   Necessary parties

Next, Plaintiffs argue that they should be granted summary judgment on the Secretary's affirmative defense that Plaintiffs have failed to join all necessary parties. [Doc. 56 at 6]. They claim the Secretary has waived this defense because he (1) failed to include any proposed additional necessary parties in his initial disclosures; and (2) "identified no missing parties in the joint preliminary report and discovery plan." *Id.* The contents of these forms aside, Plaintiffs offer no relevant or applicable case law in support of their

5

conclusory assertion that a party's failure to identify all the necessary parties in these preliminary documents constitutes waiver of any kind, nor is that sufficient for this Court to award Plaintiffs summary judgment on the issue. This absence of authority is particularly noteworthy in light of the fact that the Secretary filed a Motion to Dismiss that included this affirmative defense as grounds for dismissal, and then again included it in his Answer to the Complaint.

Moreover, Plaintiffs' failure to include all necessary parties in their Complaint goes to the heart of the Secretary's argument that Plaintiffs do not have standing to bring these claims, as this Court recognized. [Doc. 36 at 26-30]. And even if the Secretary's responses could be characterized as waivers, the Secretary cannot waive standing. To the contrary, "[s]tanding cannot be waived or conceded by the parties, and it may be raised (even by the court sua sponte) at any stage of the case." *Anderson v. Raffensperger*, 497 F. Supp. 1300, 1307 (2020) (*quoting A&M Gerber Chiropractic, LLC v. GEICO Gen. Ins. Co.*, 925 F. 3d 1205, 1210 (11th Cir. 2019)). Further, Plaintiffs' view of the Secretary's obligations at this early stage of litigation turns standing on its head, transferring the burden of establishing standing from Plaintiffs to the Secretary. But "[t]he plaintiff bears the burden of establishing each element [of standing]," *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1268 (11th Cir.

2019); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing the[] elements [of standing]…with the manner and degree of evidence required at the successive stages of the litigation.").

Since standing is something that must continuously exist in federal court and cannot be waived, Plaintiffs have no basis for summary judgment on the issue of whether they failed to join necessary parties to this action, regardless of the content of the Secretary's initial discovery filings.[2]

## B.   Statutory standing.

For the same reasons Plaintiffs cannot prevail on summary judgment regarding the Secretary's failure-to-state-a-claim defense, they are also precluded from prevailing on the issue of statutory standing. While Plaintiffs may be characterized as "aggrieved persons" for purposes of their Section 2 claims, the remedy they seek makes the issue of statutory standing inappropriate for summary judgment while discovery is still ongoing.

When the Court was considering whether to dismiss Plaintiffs' claims on the basis of a lack of standing, it specifically noted that "Section 2 expressly

---

[2] The Court's initial ruling on proper parties relied at least in part on the Secretary's role as chair of the State Election Board. [Doc. 36 at 30]. SB 202 removed the Secretary from that role. O.C.G.A. § 21-2-30(a) (2021).

requires the Court to consider the 'totality of the circumstances' in determining whether a violation has occurred." [Doc. 36 at 40]. In the absence of a fully developed factual record, the Court declined to dismiss the claim. *Id*. As the court explained, "the Secretary's standing and failure-to-state-a-claim arguments are not entirely analytically distinct." [Doc. 36 at 10].

While discovery has been ongoing since the Court's Order on the Secretary's motion to dismiss, the record now before the Court remains incomplete. And, just as the Court previously could not review Plaintiffs' claims under a "totality of the circumstances" standard at the pleading stage, it is similarly lacking relevant information necessary to order summary judgment on the issue while discovery is ongoing. The Court remains ill-equipped to determine the issue of standing under the specific statute at issue until the parties have completed their discovery. For this reason alone, Plaintiffs' Motion should be denied until the record is sufficiently developed for the Court to decide on the merits—and this will not be far into the future as discovery wraps up in a little more than a week.

III.    **Ability of private parties to sue under Section 2.**

Finally, Plaintiffs ask this Court to grant summary judgment on the Secretary's Eleventh Amendment and sovereign-immunity defenses. [Doc. 56 at 9-10]. These arguments are primarily legal in nature, but the Secretary

continues to assert that the positions taken by Judge Branch in dissent in the now-vacated opinion, *Ala. State Conference of the NAACP v. Alabama*, 949 F.3d 647, 656-57 (11th Cir. 2020) (Branch, J., dissenting), are correct. But the Secretary also recognizes that this Court already determined it must follow binding precedent. [Doc. 36 at 45-46]. The Secretary only requests that the Court rule specifically on this issue to preserve it for later review, if the Eleventh Circuit is one day willing to reconsider *United States v. Marengo Cty. Comm'n*, 731 F.2d 1546, 1561 (11th Cir. 1984).

## CONCLUSION

Everyone is eager to resolve the novel application of Section 2 of the Voting Rights Act that this case presents. But this Court should allow the discovery process to play out so it can have the full benefit of a developed record on this case—and comprehensive summary-judgment motions in just a few weeks.

Respectfully submitted this 17th day of June, 2021.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard

9

Senior Assistant Attorney General
Georgia Bar No. 760280
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for Defendant Secretary of
State Brad Raffensperger*

10

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson