# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RICHARD ROSE et al.,

      Plaintiffs

      v.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of State of
the State of Georgia,

      Defendant.

Civil Action No. 1:20-cv-02921-SDG

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR
## FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

It is never too soon for a plaintiff to seek summary judgment on meritless defenses. Defendant's response to Plaintiffs' first motion for partial summary judgment (ECF 62) suggests that Plaintiffs' motion is premature and asks the Court to wait for more facts. But Defendant identifies no facts that would make any difference here—no disputed facts and no material facts that *might* be disputed after further discovery. The affirmative defenses on which Plaintiffs seek summary judgment are legal boilerplate, and the Court should not wait to dispose of them.

## I. Defendant has identified no facts essential to his opposition.

"Please wait" is not an acceptable response to a motion for summary judgment. If a nonmovant "cannot present facts essential to justify its opposition" to summary judgment, it must show "by affidavit or declaration" specific reasons why it is unable to do so. Fed. R. Civ. P. 56(d).[1] As the former Fifth Circuit has stated, "one must conclusively justify his entitlement to the shelter of rule 56(f) by presenting specific facts explaining the inability to make a substantive response as required by rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) (cleaned up).[2] In the absence of such a showing under Rule 56(d), there is no basis for a district court to defer judgment.

Here, Defendant has not even attempted to satisfy the requirements of Rule 56(d). He has not explained what facts he needs or how waiting would give him time to obtain them. And it's easy to see why.

---

[1] The current subsection (d) of Rule 56 "carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's note to the 2010 amendments.

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Defendant's first affirmative defense—that Plaintiffs' complaint fails to state a claim upon which relief may be granted—is judged on the face of the complaint itself. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). This Court has already ruled that the complaint properly alleges a vote-dilution claim under Section 2 of the Voting Rights Act, and there are no extrinsic facts which could change that. Defendant has presented no legal arguments for reaching a different conclusion now and, thus, there is no reason for the Court to reconsider its prior ruling.

Defendant's second affirmative defense—that Plaintiffs' complaint fails to name necessary parties as defendants—is also judged on the face of the complaint. Either the complaint omits a necessary party or it doesn't. And here, it doesn't. Defendant conceded as much in his initial disclosures. And though Defendant now asks the Court to disregard his concession, he has never supplemented or amended those disclosures to identify a missing party. In light of Defendant's concession, there are no facts necessary to determine that Plaintiffs are entitled to summary judgment.

Defendant's fourth affirmative defense—that Plaintiffs lack statutory standing—is a little different. On that issue, there *was* a factual dispute. In his answer, Defendant disputed the allegations that each of the plaintiffs is an African-

American registered voter who resides in the area from which members of the Public Service Commission are elected at large. (ECF 37 ¶¶ 6-9.) But that factual issue has been resolved in discovery, and it is no longer disputed. (ECF 62-1 ¶ 1.) And Defendant identifies no other facts that are necessary for the Court to determine statutory standing in this case. He does not dispute the applicable legal standard and makes no argument whatsoever beyond "Please wait." Because the undisputed facts in the record establish that these plaintiffs have a cause of action under Section 2, this Court should grant summary judgment on this issue without delay.

II. **Defendant concedes that binding precedent forecloses his fifth and sixth affirmative defenses.**

As he must, Defendant concedes that the Eleventh Circuit's binding decision in *United States v. Marengo County Commission*, 731 F.2d 1546, 1560-61 (11th Cir. 1984), forecloses his Eleventh Amendment and sovereign immunity defenses. He asks the Court to rule specifically on that point to preserve the issue for later review. But the Court has already done so. (ECF 36 at 44-46 (citing *Marengo County*).) To the extent necessary, the Court should reach the same conclusion here in granting Plaintiffs' motion.

The Court should also rule on Plaintiffs' alternative argument that, even in the absence of *Marengo County*, neither the Eleventh Amendment nor sovereign

4

immunity would bar Plaintiffs' claims because this is not a suit against a sovereign. It is a suit against a state official, and sovereign immunity does not bar suits against state officials for prospective injunctive relief for alleged continuing violations of federal law. *Ex Parte Young*, 209 U.S. 23 (1908). Defendant does not address that issue in his response and therefore concedes the point.

Dated: June 28, 2021

/s/ Bryan L. Sells
Attorney Bar No. 635562
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

Nicolas L. Martinez (*pro hac vice*)
Wesley A. Morrissette (*pro hac vice*)
Bartlit Beck LLP
54 W. Hubbard Street, Suite 300
Chicago, Illinois 60654
Telephone: (312) 494-4400
Email: nicolas.martinez@bartlitbeck.com
Email: wesley.morrissette@bartlitbeck.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ Bryan L. Sells
Bryan L. Sells