**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RICHARD ROSE et al.,

          Plaintiffs

       v.

BRAD RAFFENSPERGER, in his
official capacity as Secretary of State of
the State of Georgia,

          Defendant.

Civil Action No. 1:20-cv-02921-SDG

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

The purpose of Plaintiffs' motion is to reduce the risk of any "confusion" with the ensuing Public Service Commission (PSC) elections while the Court considers the merits of this case. The reason to press pause now—early enough in the election cycle that doing so would not require Defendant to do or undo anything, as his response confirms—is to prepare for the most likely scenario, which is that the Court rules in Plaintiffs' favor on the merits but closer to the November general election date. Absent the injunction Plaintiffs seek here, the Court in that scenario would have to choose between forcing Defendant (as well as election officials and candidates) to scramble much later in the cycle or allowing to proceed statewide PSC elections that violate Section 2. The limited relief Plaintiffs

seek would avoid this dilemma and therefore advance the public interests of certainty and clarity identified in *Purcell v. Gonzalez*, 549 U.S. 1 (2006).

Defendant's response also confirms Plaintiffs' entitlement to this relief. Plaintiffs' establishment of the *Gingles* preconditions at summary judgment gets them "much of the way there" and means they are likely to succeed on the merits because "it will be only the very unusual case in which a plaintiff can establish the existence of the three *Gingles* factors but still have failed to establish a violation of § 2 under the totality of circumstances." *Wright v. Sumter Cnty. Bd. of Elections & Registration*, 979 F.3d 1282, 1304 (11th Cir. 2020) (cleaned up).  Plaintiffs need not establish that their success at trial is guaranteed—only that it is likely. Defendant cites no authority to the contrary.  Nor does he dispute that Plaintiffs will suffer irreparable harm if the PSC elections for Districts 2[1] and 3 were to proceed using a method that violates the Voting Rights Act.

Plaintiffs are prepared to address at tomorrow's hearing any of the points raised in Defendant's response.  But only a few warrant attention now.

***First***, Plaintiffs want to clarify what would happen if the Court were to grant them preliminary relief now but a final judgment on the merits did not issue until

---

[1]  Plaintiffs' motion included a typo indicating that the District 1 seat is up for election in 2022.  (ECF 101 at 3.)  In fact, the District 2 seat would be on the ballot this year.

after the November general election.  There would be no vacancies in the seats for

PSC Districts 2 or 3.  No vacancy would arise in District 2 because the current

holder of that seat, Commissioner Tim Echols, "shall serve . . . until the election

and qualification of [his] . . . successor[]."  O.C.G.A. § 46-2-1(d).  No vacancy

would arise in District 3, either, because the appointee in that seat, Commissioner

Fitz Johnson, "shall hold his office . . . until his successor for the balance of the

unexpired term has been elected and has qualified."  *Id.* § 46-2-4.  Because the

Court's order enjoining Defendant from acting on qualification would prevent their

successors from being elected and qualified, Commissioners Echols and Johnson

would simply remain in office by operation of Georgia law.  There would be no

vacancies for the Governor to fill,[2] and, contrary to Defendant's mistaken

impression (ECF 105 at 18-19, 21), the Court would have the authority to order a

special election for Districts 2 and 3 prior to 2024.[3]

*Second*, Defendant asserts that Plaintiffs' motion betrays a "flawed

understanding of the Secretary's role in qualifying."  (*Id.* at 2.)  It doesn't.  By

seeking to enjoin Defendant from "qualifying" candidates for the 2022 PSC

---

[2] To the extent Plaintiffs' motion suggested otherwise, Plaintiffs correct that error now.  (*See* ECF 101 at 3.)

[3] Plaintiffs maintain that the current trial schedule gives the Court sufficient time to rule on the few remaining factual disputes well in advance of the November general election.  Special elections for PSC Districts 2 and 3 could then proceed in the normal course under Georgia law, which could coincide with the November 8 general election and December 6 general election runoff.

elections (ECF 101 at 1), all Plaintiffs seek is to enjoin Defendant "from building ballots containing the PSC races for the primary," something Defendant admits the Court "could" do (ECF 105 at 17).  Plaintiffs are not seeking to enjoin the Secretary from "receiv[ing] the lists [of qualifying PSC candidates] provided by each political party."  (*Id.*)  They are seeking to enjoin him from doing anything with those lists (i.e., adding the PSC candidate names to the ballot proofs).  Such a limited injunction would not disrupt *any* of the work Defendant is currently doing to build ballots for the 2022 primaries.  (ECF 105 at 22.)  That is an important distinction between this motion and the one at issue in the redistricting case on which Defendant relies.  (*Id.* at 22-23.)  In fact, the limited injunction Plaintiffs seek would actually reduce Defendant's workload now and would be far less disruptive than requiring him to rebuild the ballots later.

*Third*, Defendant suggests that Plaintiffs have "unduly delayed" bringing this limited request for injunctive relief.  (*Id.* at 18-22.)  Worse than the law Defendant cites—a concurrence to a stay application grant that seven Supreme Court Justices declined to join—are the facts he gets wrong.  Plaintiffs filed their complaint on July 14, 2020 (ECF 1), more than two years before this year's PSC elections.  Although Defendant asserts now that Plaintiffs "always knew" there would be a trial on the merits (ECF 105 at 19), he also filed a motion to dismiss

4

and then a motion for summary judgment to prevent a trial from ever happening (ECF 22 & 80).  Plaintiffs filed their motion for partial summary judgment on the three *Gingles* preconditions on July 9, 2021 (ECF 79), well before preliminary injunctive relief would seem necessary to avoid the risk of this year's PSC elections being conducted using an unlawful method.  And Plaintiffs filed this motion and sought its expedited review only *days* after the Court ruled that they had satisfied the *Gingles* preconditions, thereby making it crystal clear that Plaintiffs are likely to succeed on the merits.  *See Wright*, 979 F.3d at 1304; *see also Holloway v. City of Virginia Beach*, 531 F. Supp. 3d 1015, 1079 (E.D. Va. 2021) ("[W]here a plaintiff has established the *Gingles* prerequisites, that plaintiff is likely to succeed under the totality of the circumstances." (cleaned up)). Plaintiffs could not have been more diligent.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion for a preliminary injunction.

Dated: February 24, 2022

/s/ *Nicolas L. Martinez*
Attorney Bar No. 635562
The Law Office of Bryan L. Sells, LLC
P.O. Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

Nicolas L. Martinez (*pro hac vice*)
Wesley A. Morrissette (*pro hac vice*)
Bartlit Beck LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Telephone: (312) 494-4400
Email: nicolas.martinez@bartlitbeck.com
Email: wesley.morrissette@bartlitbeck.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ Nicolas L. Martinez
Nicolas L. Martinez