IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Richard Rose**, et al., <br><br>　　　Plaintiffs, <br><br> vs. <br><br> **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, <br><br>　　　Defendant. | Case No. 1:20-cv-2921-SDG <br><br><br> **Plaintiffs' Motion for a Conference Regarding Remedial Proceedings** |

The plaintiffs respectfully move the Court for a conference to discuss a schedule for remedial proceedings in this case. The Court has asked the plaintiffs to address the Court's jurisdiction to hold remedial proceedings in light of the defendant's pending appeal.

## Background

This is a voting-rights challenge to the at-large method of electing members of Georgia's Public Service Commission. The plaintiffs—a group of Black Georgians—sued Georgia Secretary of State Brad Raffensperger in July 2020, alleging that the at-large elections dilute

Black voting strength in violation of Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301.

On August 5, 2022, after more than two years of litigation and a week-long bench trial, this Court made detailed findings of fact and comprehensive conclusions of law to support its ultimate conclusion that the challenged election practice violates Section 2. The Court enjoined future elections using the unlawful practice and gave the Georgia General Assembly an opportunity to devise a remedy at its next regular session beginning in January 2023. As the Court explained, its order "shall remain in effect until a method for conducting such elections that complies with Section 2 is enacted by the General Assembly and approved by the Court, or is otherwise adopted by the Court should the General Assembly fail to enact such a method." Dkt. 151 at 63.

The Secretary then filed an interlocutory appeal and an emergency motion for a stay pending appeal. A divided motions panel of the Eleventh Circuit granted a stay, but the Supreme Court vacated it a week later. The Secretary's appeal has now been fully briefed and argued, and it remains pending for decision.

Meanwhile, the Georgia General Assembly took no action to address the Court's injunction before it adjourned *sine die* on March 30, 2023. That same day, the plaintiffs requested a conference with the Court for the purpose of discussing a schedule for remedial proceedings.

## Discussion

As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over the case pending disposition of the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). But a number of exceptions have emerged. For example, the district court retains jurisdiction to: issue orders staying, modifying, or granting injunctions; direct the filing of supersedeas bonds; and issue orders affecting the record on appeal, the granting of bail, and matters of a similar nature. *Mahone v. Ray,* 326 F.3d 1176, 1179 (11th Cir. 2003*); Doe v. Bush,* 261 F.3d 1037, 1064-65 (11th Cir. 2001); *Weaver v. Fla. Power and Light Co.*, 172 F.3d 771, 773 & n.4 (11th Cir. 1999); *see also Mary Ann Pensiero, Inc. v.* Lingle, 847 F.2d 90, 97 (3d Cir. 1988). *See, e.g., Johnson v. 3M Co.*, 55 F.4th 1304, 1309 (11th Cir. 2022) (holding that a district court had jurisdiction over an amended

3

complaint that did not affect the issues in a pending appeal). *See generally,* Fed. R. Civ. P. 60, 62, 62.1; Fed. R. App. P. 8, 12.1.

The rule is a judge-made creation—rather than a statutory or constitutional limit—that is founded on prudential considerations. It is designed to prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously. As a prudential doctrine, the rule should not be applied when doing so would defeat its purpose of achieving judicial economy. *See Pensiero*, 847 F.2d at 97.

In voting-rights cases like this one, moreover, it is standard judicial practice for a district court to proceed with the remedial stage of the case, notwithstanding a party's appeal of a ruling on liability. For example, in *Personhuballah v. Alcorn*, 155 F. Supp. 3d 552 (E.D. Va. 2016), a three-judge district court had found Virginia's Third Congressional District to be an unconstitutional racial gerrymander. *See Page v. Va. State Bd. of Elections*, No. 3:13cv678, 2015 WL 3604029 (E.D. Va. June 5, 2015). The court immediately enjoined the Commonwealth from conducting any further elections for U.S. Representative until a new redistricting plan was adopted, and the

4

Court ordered the Virginia General Assembly to devise a remedial plan by September 1, 2015. The defendant-intervenors appealed to the Supreme Court on June 19.

While that appeal was pending, the district court proceeded with the remedial stage of the case. After the Virginia General Assembly failed to act, the district court appointed a special master to devise a remedial plan with input from the parties. On November 13, 2015, the Supreme Court noted probable jurisdiction over the appeal. Three days later, the special master issued his report. The district court held a remedial hearing in December 2015 and issued a remedial plan on January 7, 2016.

In its ruling, the three-judge panel specifically rejected the defendant-intervenors' argument that "the Supreme Court's decision to set oral argument" had "stripped us of jurisdiction to enter a remedial plan, or alternatively, that the balance of equities favors suspending] any remedial efforts pending the Supreme Court's decision." *Personhuballah*, 155 F. Supp. 3d at 557 (cleaned up).  Because "our entering a remedy would not in any way affect the liability decision now

before the Supreme Court," the panel held that the pending appeal did not divest the district court of jurisdiction. *Id.* at 558.

Five days later, the defendant-intervenors asked the Supreme Court to stay implementation of the remedial order pending resolution of their appeal as to liability. The Supreme Court denied the stay on February 1. The Court heard oral argument in March and ruled unanimously against the defendant-intervenors in May. *See Wittman v. Personhuballah*, 136 S. Ct. 1732 (2016). And the election proceeded in November 2016 under the district court's January plan.

This case is in the same procedural posture as was *Page* following the Virginia General Assembly's failure to adopt a remedy. As in that case, the question of remedy here is a collateral issue that does not affect the question of liability that is currently before the Eleventh Circuit. The liability issue is whether this Court's ultimate finding of racial vote dilution under Section 2 was clearly erroneous. The remedy issue, by contrast, is whether a new method of PSC elections complies with Section 2. The prudential doctrine articulated in *Griggs* therefore does not prevent this Court from conducting remedial proceedings. Indeed, given the Supreme Court's decision to vacate the Eleventh Circuit's stay

6

of this Court's injunction, a shadow stay through the *Griggs* doctrine would be particularly inappropriate here.

As this Court recognized, the task of crafting an interim remedy that complies with Section 2 now falls on this Court because "the General Assembly fail[ed] to enact such a method." Dkt. 151 at 63; *see also Perry v. Perez*, 565 U.S. 388, 392 (2012) (per curiam). The Court should take up that task now—and set a schedule for completing it—because of the pressing need to conduct elections for the two PSC seats currently occupied by holdover commissioners.

## Conclusion

This Court should schedule a conference call for the purpose of discussing an orderly schedule for remedial proceedings in this case.

Respectfully submitted this 4th day of April, 2023.

**/s/ *Bryan L. Sells***
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

**Nicolas L. Martinez** (*pro hac vice*)
**Wesley A. Morrissette** (*pro hac vice*)
Bartlit Beck LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Email: Nicolas.Martinez@bartlitbeck.com
Email: Wesley.Morrissette@bartlitbeck.com

*Attorneys for the Plaintiffs*

**Certificate of Compliance**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan L. Sells*

Bryan L. Sells