IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD ROSE, *et al.*,
    Plaintiffs,

v.

BRAD RAFFENSPERGER, *in his official capacity as Secretary of State of the State of Georgia*,
    Defendant.

Civil Action No.
1:20-cv-02921-SDG

## ORDER

On August 5, 2022, the Court entered an order (the Injunction Order) that, among other things, enjoined the Georgia Secretary of State from using a statewide, at-large method of election for members of the Public Service Commission (PSC).[1] The Order remains in effect until the Georgia General Assembly enacts a method for conducting such elections in a manner that complies with Section 2 of the Voting Rights Act or, failing such action, the Court adopts a method.[2] The Secretary appealed,[3] and the Eleventh Circuit agreed to consider the matter on an expedited basis.[4] Argument was heard on December 15, 2022.[5]

---

[1] ECF 151.

[2] *Id.* at 63–64.

[3] ECF 152.

[4] ECF 161.

[5] *Rose v. Secretary, State of Georgia*, Case No. 22-12593 (11th Cir.), Doc. 56.

On March 30, 2023, the General Assembly adjourned without acting on the Injunction Order.[6] As a result, Plaintiffs move the Court for a conference to schedule remedial proceedings.[7] They contend that the legislature has taken no action and the Court has jurisdiction to fashion a remedy.[8]

The Secretary opposes Plaintiffs' request. First, he argues it is premature for this Court to fashion a remedy when the appeal is under expedited consideration and the eventual ruling—regardless of outcome—will affect the remedy.[9] Second, the Secretary distinguishes the sole voting-rights case on which Plaintiffs rely in support of their contention that the Court may exercise jurisdiction during the appeal.[10] Finally, the Secretary contends that the General Assembly must have the first opportunity to develop a remedy and that doing so right now would lead to "significant cost and disruption."[11]

The Court denies Plaintiffs' motion. The Eleventh Circuit is considering the Secretary's appeal on an expedited basis and the appellate ruling will necessarily affect the scope and form of the remedy. Starting to fashion relief in the interim—

---

[6]   ECF 170, at 3.

[7]   *See generally* ECF 170.

[8]   *Id.*

[9]   ECF 171, at 1. *See also id.* at 4–5.

[10]  *Id.* at 2–3.

[11]  *Id.* at 5. *See generally id.* at 3–5.

Case 1:20-cv-02921-SDG   Document 174   Filed 05/12/23   Page 3 of 3

no simple task—would not aid judicial economy or Georgia's coffers. Finally, it is by no means clear that the General Assembly *refused* to act in response to the Injunction Order as opposed to reasonably waiting for a ruling on the appeal to determine how to proceed—despite the lack of a stay.

Accordingly, Plaintiffs' Motion for a Conference [ECF 170] is **DENIED without prejudice**. Plaintiffs may renew this motion, if necessary, in six months.

**SO ORDERED** this 12th day of May, 2023.

Steven D. Grimberg
United States District Court Judge