IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| **Richard Rose**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, <br><br> Defendant. | Case No. 1:20-cv-2921-SDG <br><br><br> **Plaintiffs' Motion for Relief under Rules 59 and 60** |

The plaintiffs respectfully move the Court for relief under Rules 59 and 60 to the extent necessary to permit them to amend their complaint consistent with the Eleventh Circuit's ruling in this case. The plaintiffs filed their motion to amend on July 18, 2024 (ECF 189), four days before the Court entered judgment (ECF 193), and they noted that "there is some tension" in the Eleventh Circuit's caselaw about whether relief from judgment is even necessary for a court to consider a post-judgment motion to amend. (ECF 189 at 11 n.3 (quoting *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1249 (11th Cir. 2023)). The plaintiffs therefore file

this motion only out of an abundance of caution to ensure that the Court can consider their motion to amend.

To the extent that relief from the Court's judgment is necessary at all, the circumstances here warrant relief under Rules 59(a), 59(e), and 60(b).

Rule 59(a) authorizes a court to grant a new trial "on all of some of the issues . . . for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(2). This is a deliberately broad standard, and a court has the power to grant a new trial whenever, in its judgment, a new trial is necessary to prevent injustice. *See generally,* 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2805 (3d ed.). Errors of law, moreover, are the quintessential ground for a new trial: "Any error of law, if prejudicial, is a good ground for a new trial." *Id.*

Rule 59(e) authorizes a court to "alter or amend" a judgment after entry. Fed. R. Civ. P. 59(e). The rule doesn't list any specific grounds for altering or amending a judgment, so a court enjoys considerable discretion in doing so. *See generally,* 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed.). Courts have

developed four basic grounds for granting motions to alter or amend, and one of those is a "change in controlling law." *Id.*

Finally, Rule 60(b) authorizes a court to relieve a party from a judgment for any one or more of six prescribed reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has made clear, moreover, that the term "mistake" in Rule 60(b) "includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 534 (2022).

As discussed more fully in the plaintiffs' motion to amend, relief under Rules 59 and 60 is warranted here because, as noted by Judge Branch, the judgment was based on "an error of law" regarding the first *Gingles* precondition. (ECF 183 at 4 (Branch, J., respecting denial); *see* ECF 189 at 10-11.) Such an error of law warrants relief from the judgment under Rule 59(a), Rule 59(e) or Rule 60(b)(1), which would then allow the Court to follow the standard Rule 15(a) analysis. *See MacPhee*, 73 F.4th at 1250 (reiterating that the Eleventh Circuit's earlier holding still applies—a plaintiff can "move for relief under Rules 59(e) or 60(b) on the basis of proposed amendments even

after the action is dismissed and final judgment is entered" (cleaned up)).

Accordingly, the Court should grant relief from the judgment to the extent necessary to permit the plaintiffs to amend their complaint.

Respectfully submitted this 1st day of August, 2024.

**/s/ *Bryan L. Sells***
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

**Nicolas L. Martinez** (*pro hac vice*)
**Katerina Kokkas** (*pro hac vice*)
Bartlit Beck LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Email: Nicolas.Martinez@bartlitbeck.com
Email: katerina.kokkas@bartlitbeck.com

*Attorneys for the Plaintiffs*

**Certificate of Compliance**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

<u>*/s/ Bryan L. Sells*</u>

Bryan L. Sells