# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICHARD ROSE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia, <br><br> *Defendant*. | Civil Action No. 1:20-cv-02921-SDG |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF UNDER RULES 59 AND 60

### INTRODUCTION

This case has ended and Plaintiffs lost. They failed to win on appeal; they failed to persuade the Supreme Court to take up their challenge; and they failed to get the Eleventh Circuit to reconsider the panel's unanimous decision against them. Facing this reality, Plaintiffs seek to throw the ultimate touchdown pass, trying both to amend their Complaint, [Doc. 189], and now to obtain post-judgment relief. But both efforts are grasping at procedural mechanisms that have no bearing on this case now. This Court should make clear that this case is over and deny Plaintiffs' Motion for Relief under Rules 59 and 60. [Doc. 195].

Plaintiffs say they bring their latest motion under three separate federal rules only "to the extent necessary to permit them to amend their complaint consistent with the Eleventh Circuit's ruling in this case." [Doc. 195 at 1]. Accordingly, *even if* they could properly seek relief here, it would be a dead end for them because, as more fully discussed in the Secretary's Response to Plaintiffs' Motion to Amend Complaint [Doc. 196], their attempts to amend are not timely and the procedural rules they rely on do not apply to a case in this posture. But even if those rules applied, the relief requested here is also unavailable to them because none of the rules they cite support their requested relief.

**ARGUMENT AND CITATION TO AUTHORITY**

**I.     This Court should deny relief under Rule 59(a).**

Under Rule 59(a), a new trial may be granted in a non-jury action "for any of the reasons for which rehearings have heretofore been granted in suits in equity." Fed. R. Civ. P. 59(a)(1)(B). But "a party will not be permitted to reopen a case for the purpose of introducing evidence to meet the issues raised at trial, when that evidence was available and known to the party at the time of trial." *Bell Tel. Laboratories, Inc. v. Hughes Aircraft Co.,* 73 F.R.D. 16, 20 (D. Del. 1976). Nor should a party be permitted "to reopen in order to introduce evidence in support of another legal theory… Otherwise, no litigation would end, so long as a creative attorney could develop alternative theories of relief." *Id.; see also Zenith Corp. v.*

*Hazeltine Research Corp.,* 401 U.S. 321, 332 (1971) (district court did not abuse discretion when it declined to reopen trial to litigate matters that moving party had opportunity to raise but neglected to litigate).

Plaintiffs seek a new trial under Rule 59(a) so that they can amend the Complaint to include additional remedies.[1] [Doc. 195 at 3]. But they had ample opportunity to put forth multiple proposed remedies for their purported Section 2 violation. And they have failed to do so at every turn of this lengthy litigation. *See* [Doc. 196 at 3–4]. Granting Plaintiffs a new trial now would not prevent injustice, as Plaintiffs claim. [Doc. 195 at 2]. Rather, it would severely prejudice the Secretary by forcing him to relitigate a claim that Plaintiffs had ample opportunity to raise but chose not to. As other courts have warned, if Plaintiffs could use Rule 59(a) in this manner, "no litigation would end." *Bell Tel. Laboratories,* 73 F.R.D. at 20. Plaintiffs have shown no basis for their reliance on Rule 59(a).

## II.  This Court should deny relief under Rule 59(e).

Next, Plaintiffs seek to alter or amend the judgment of this Court under Rule 59(e) because there has been a "change in controlling law." [Doc. 195 at 2–3]. They do not specify what they believe this change in controlling law is. But to the extent

---

[1] Because the pretrial order has superseded Plaintiffs' Complaint, it is unclear whether this type of amendment could even address a new issue at this stage. *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089 (11th Cir. 2016).

they intend to suggest that presenting a viable remedy as part of the first *Gingles* precondition is a "change," they are flatly incorrect. That has been the law of this Circuit for more than thirty years. *See Rose v. Sec'y of State of Georgia*, 87 F.4th 469, 475 (11th Cir. 2023) (collecting cases). And even were that not the case, Rule 59(e), like subsection (a), is not a mechanism "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc., v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Plaintiffs could have done that and did not do so, ending the consideration of Rule 59(e) as an option.

If this were not enough, Plaintiffs also ask this Court to alter or amend a judgment that it cannot change. Plaintiffs ask this Court to alter the judgment of the Eleventh Circuit that was made the judgment of this Court. *See generally* [Doc. 193]. Accordingly, there is nothing for this Court to amend even if it wanted to: "[A] district court cannot amend, alter, refuse to apply an appellate court's mandate simply because an attorney persuades the court that the decision giving rise to the mandate is wrong, misguided, or unjust." *Winn Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F. 3d 835, 844 (11th Cir. 2018).

### III. This Court should deny relief under Rule 60(b).

Plaintiffs' final effort to utilize Rule 60(b) as a vehicle to amend their Complaint fares no better. Plaintiffs note that the federal rules permit a court "to

relieve a party from a judgment for… 'mistake, inadvertence, surprise or excusable neglect.'" [Doc. 195 at 3] (quoting Fed. R. Civ. P. 60(b)(1)). And they highlight that the Supreme Court has considered "errors of law" to fall within the meaning of "mistake" in that rule. *Id.* (citing *Kemp v. United States*, 596 U.S. 528, 534 (2022)). But in an effort to have their second bite at the apple, Plaintiffs attack the wrong decision.

Plaintiffs point to the statement by Judge Branch that the Eleventh Circuit's reversal of the decision below was based on the district court's "'error of law' regarding the first *Gingles* precondition." [Doc. 195 at 3] (quoting Doc. 183 at 4 (Branch, J., respecting denial)). That's true enough, but Plaintiffs fail to recognize that this Court *fully adopted* the opinion of the Eleventh Circuit as its decision on the merits, declaring that "the mandate of the United States Court of Appeals be and it hereby is made the judgment of this Court." [Doc. 193 at 1]. Thus, to the extent the district court committed an error of law in its initial decision, that decision is now superseded by the Eleventh Circuit decision. And Plaintiffs, for obvious reasons, make no claim that the mandate contained an error of law that could be addressed by Rule 60(b). This rule provides no additional option for an amendment for them.

## CONCLUSION

This case is over. Plaintiffs should not be permitted to have a new trial, an altered judgment, or a new complaint. There is no further relief available and this Court should make clear that this case has come to an end by denying Plaintiffs' motion.

Respectfully submitted this 15th day of August, 2024.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Elizabeth T. Young
Senior Assistant Attorney General
Georgia Bar No. 707725
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle

Suite 200
Atlanta, Georgia 30339
(678) 336–7249

*Counsel for Defendant Secretary of State Brad Raffensperger*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned certifies that the foregoing Response Brief has been prepared in Book Antiqua 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan P. Tyson*
Bryan P. Tyson